IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

LADONNA SMITH                                                                           PLAINTIFF

v.                                            3:25-cv-00071-BSM-JJV

FRANK BISGNANO,
Commissioner,
Social Security Administration,                                                         DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Brian S. Miller. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, LaDonna Smith, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because Ms. Smith could perform her past relevant work despite her impairments. (Tr. 17-26.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend that Plaintiff's Complaint be DISMISSED.

Plaintiff is sixty-seven years old. (Tr. 37.) She is a high school graduate and attended one year of college. (Tr. 233.) She has past relevant work as a claims clerk. (Tr. 25.)

The ALJ[1] first found Ms. Smith had not engaged in substantial gainful activity since her alleged onset date of December 4, 2020, through her date of last insured of December 31,2023. (Tr. 20.) She has "severe" impairments in the form of "degenerative disc disease of the cervical spine with neuropathy; degenerative disc disease of the lumbar spine with neuropathy; and

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

osteoarthritis of the bilateral knees, hips, and shoulders." (*Id*.) The ALJ further found Ms. Smith did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 21-22.)

The ALJ determined Ms. Smith had the residual functional capacity (RFC) to perform a reduced range of sedentary work. (Tr. 22.) The ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 46-48.) Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform her past work as a claims clerk - despite her limitations. (Tr. 25.) Accordingly, the ALJ determined Ms. Smith was not disabled. (Tr. 26.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 4-8.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ failed to adequately assess her mental limitations when formulating her RFC. (Doc. No. 7 at 11-17.) Plaintiff argues:

> In the case at hand, the ALJ decided at step three of the sequential evaluation process that the Plaintiff's mental impairments cause mild limitations in the four broad functionals areas known as the "paragraph B" criteria, which include the ability to understand, remember, or apply information, the ability to interact with others, the ability to concentrate, persist, or maintain pace, and the ability to adapt or manage oneself. (Tr. 21). Despite these findings, the ALJ did not account for any mental limitations in the RFC (Tr. 22) and did not provide any narrative explanation to build an accurate and logical bridge from the evidence to the RFC conclusion. The ALJ's omission of mental limitations from the RFC, and failure to explain the omission, is reversible error. [Citation omitted.]

(*Id.* at 14.)

Plaintiff's argument is misplaced. The ALJ's Step Two "paragraph B" findings are distinct

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

3

from the Step Four RFC findings. And the ALJ specifically pointed this out in his opinion when he said, "The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment." (Tr. 21.)  So, contrary to Plaintiff's argument, the ALJ was not required to include mental limitations in his RFC determination based upon his "paragraph B" findings.  As the United States Court of Appeals for the Eighth Circuit has said, "As a practical matter, however, the different steps serve distinct purposes, the degrees of precision required at each step differ, and our deferential standard of review precludes us from labeling findings as inconsistent if they can be harmonized. *See Lacroix v. Barnhart*, 465 F.3d 881, 888 n.3 (8th Cir. 2006) ('Each step in the disability determination entails a separate analysis and legal standard.')" *Chismarich v. Berryhill,* 888 F.3d 978, 980 (8th Cir. 2018).

      Here, the critical question is whether substantial evidence supports the ALJ's conclusion that Plaintiff's mental impairments "do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." (Tr. 20.)  A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007).  It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

      (a)   *Non-severe impairment(s).*   An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
      (b)   *Basic work activities.*   When we talk about basic work activities, we

mean the abilities and aptitudes necessary to do most jobs.  Examples of these include--
>    (1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
>    (2) Capacities for seeing, hearing, and speaking;
>    (3) Understanding, carrying out, and remembering simple instructions;
>    (4) Use of judgment;
>    (5)  Responding appropriately to supervision, co-workers and usual work situations; and
>    (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

The ALJ largely based his decision on the Mental Diagnostic Evaluation by Vickie Brewer Caspall, Ph.D. (Tr. 382-387.) About Dr. Caspall's findings, the ALJ said:

> The claimant's medically determinable mental impairments of posttraumatic stress disorder (PTSD) and anxiety, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere. Specifically, the undersigned recognizes that a consultative psychological evaluation was conducted by Vickie Caspall, Ph.D., in July 2019. At the conclusion of the examination, Dr. Caspall diagnosed the claimant as having PTSD. Nonetheless, Dr. Caspall noted that the claimant could communicate in a socially adequate manner; she was able to sustain attention and answer questions requiring multiple details; she could maintain focus and did not require refocusing; and there were no signs of difficulty with persistence (Exhibit B2F). Additionally, in treatment notes dated October 25, 2021, the claimant reported that medications were helping with her mental symptoms; in treatment notes dated May 24, 2022, it was noted that the claimant had full range of mood/affect; limited psyche exams from July 2022 and November 2022 showed the claimant to be alert and cooperative; in treatment notes dated February 16, 2023, the claimant denied any depression or anxiety; and, in treatment notes dated June 27, 2023, the claimant was noted to be cooperative and her mood and affect were noted to be well-adjusted. [Tr. 608-669, 701-706, 809-818, 835-858, 880.]

(Tr. 20-21.)

Here, the ALJ properly focused on Plaintiff's ability to function rather than focusing on her diagnoses.  A mental disturbance is not disabling per se; there must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs.  *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990).  After careful consideration of the record, I find

5

substantial evidence supports the ALJ's decision.

I have also considered Plaintiff's argument regarding the supportability and consistency the findings by Margaret Podkova, Psy.D. (Doc. No. 7 at 17-19.) Dr. Podkova listed fibromyalgia as a "severe" impairment in her assessment. (Tr. 76.) Plaintiff argues, "The ALJ decided Dr. Podkova's opinions regarding the Plaintiff's mental complaints was 'generally persuasive[ ]' (Tr. 24), but the ALJ did not make clear why he ignored Dr. Podkova's opinion regarding fibromyalgia, or why he decided the fibromyalgia is a non-severe impairment (Tr. 21)." (*Id.* at 18.)

I am unpersuaded by Plaintiff's argument here. Dr. Podkova's inclusion of fibromyalgia is unsupported and appears to be mostly based on Plaintiff's allegations. (Tr. 72, 75, 77.) The most thorough evaluation of Plaintiff's fibromyalgia comes by way of the consultative examination performed by Blake St. Clair, M.D. (Tr. 800-804.) While Plaintiff objected to Dr. St. Clair because his specialty is dermatology, (Tr. 363), it appears he completed a thorough evaluation of Ms. Smith. Regarding Dr. St. Clair's evaluation, the ALJ said:

> On August 13, 2022, a consultative physical evaluation was conducted by Blake St.Clair, M.D. The claimant reported to Dr. St.Clair that she suffered from low back pain, fibromyalgia, and arthritis in multiple joints. Upon examination, Dr. St.Clair noted that the claimant ambulated without assistance and she had a normal gait; she was ablet o rise from a sitting position without assistance; she had 5/5 grip strength; and she had 5/5 muscle strength bilaterally in all muscle groups. Additionally, an x-ray of the claimant's lumbar spine at that time demonstrated only mild degenerative changes; an x-ray of the claimant's left knee demonstrated only mild to moderate degenerative changes; and an x-ray of the claimant's right knee demonstrated only mild to moderate degenerative changes. Based on the findings, Dr. St.Clair diagnosed the claimant as having degenerative disc disease of the lumbar spine, knee osteoarthritis, shoulder osteoarthritis, anxiety/depression, and fibromyalgia. Nonetheless, Dr. St.Clair opined that the claimant could lift and/or carry up to 20 pounds and she should be limited lifting objects above her head due to shoulder limited range of motion (Exhibit B17F). Although the undersigned assigned a more restrictive residual functional capacity that allows for the performance of work at the sedentary exertional level only, the opinion was found generally persuasive because the opinion is consistent with the physical findings at that time.

6

(Tr. 23.)

Other than this evaluator being a dermatologist, Plaintiff has offered nothing to invalidate his conclusions. To the contrary, Dr. St. Clair's findings are consistent with the overall record, including imaging showing mostly normal results. (*e.g.* Tr. 376-377, 379, 452, 455, 457-458, 802, 964.)

Plaintiff clearly suffers from some degree of limitation and has some serious health concerns. However, the objective medical records simply fail to support a claim of complete disability. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Counsel has done an admirable job advocating for Plaintiff's rights. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision

of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 8th day of January 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE